# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CG TECHNOLOGY DEVELOPMENT, LLC et al.,

          Plaintiffs,

    vs.

ZYNGA, INC.,

         Defendant.

2:16-cv-00859-RCJ-VCF

**ORDER**

This case arises out of the alleged infringement of eight patents relating to online gambling. Pending before the Court is Defendant Zynga, Inc.'s Motion to Dismiss. (ECF No. 65.) For the reasons given herein, the motion is granted in part and denied in part.

## I.       FACTS AND PROCEDURAL HISTORY

Plaintiff CG Technology Development, LLC ("CG Tech") is a wholly owned subsidiary of non-party CG Technology, L.P. ("CG"), which provides technology solutions for lottery, gaming, racing, and sports wagering. (Am. Compl. ¶ 2, ECF No. 64.) "[CG] specializes in providing secure, scalable, mobile technology and risk management solutions to integrated resorts, gaming partners, race and sports books, and lottery industries." (*Id.*) CG and CG Tech produce mobile phone applications for real-money and social casino gaming, as well as account-based wagering systems. (*Id.*).

/ / /

CG Tech is the assignee of U.S. Patent No. RE39,818. Plaintiff Interactive Games Limited ("IG Ltd") is the assignee of U.S. Patent Nos. 6,899,628; 6,979,267; 8,342,924; 7,029,394; 9,111,417; and 6,966,832. Plaintiff Interactive Games LLC ("IG LLC") is the assignee of U.S. Patent No. 7,534,169. Plaintiffs sued Defendant Zynga, Inc. ("Defendant") in this Court for direct, indirect, and willful infringement via operation of its various online casino games. On October 13, 2016, the Court granted Defendant's motion to dismiss Plaintiffs' original Complaint, (ECF No.1), finding that (1) the '628, '267, '924, '394, '417, '832, and '169 Patents are patent-ineligible under 35 U.S.C. § 101 and *Alice Corp. Pty. v. CLS Bank lnt'l*, 134 S. Ct. 2347 (2014); and (2) the '818 Patent is patent-eligible, but Plaintiffs had failed to state a plausible claim of relief.[1] (*See* Order, ECF No. 54.)

Plaintiffs have now amended their Complaint, asserting claims for direct, induced, and contributory infringement, as well as willful infringement of the '818 Patent. (Am. Compl., ECF No. 64.) Defendant moves again for dismissal. (Mot. Dismiss, ECF No. 65.)

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for

---

1  As noted in its order granting Defendant's first motion to dismiss, (ECF No. 54), the Court has already given full consideration to the patent-eligibility of the '818 Patent under Section 101, and has determined that the '818 Patent is patent-eligible. Although Defendant raises this issue again in the instant motion, the Court will not reconsider or revisit its prior ruling.

failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable cause of action (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the cause of action he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary

1  judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

2  of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

3  *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

4  considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

5  summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

6  2001).

7  **III.   ANALYSIS**

8        **a.  Direct Infringement of the '818 Patent**

9        The '818 Patent claims "[a] video game system . . . which includes a wireless game

10  controller which stores information about the user of the controller." ('818 Patent Abstract, ECF

11  No. 64-2 at 3.) The '818 Patent has thirteen independent claims and twenty dependent claims.

12  (*See id.* at 5:40–8:64, ECF No. 64-2 at 9–10.) Plaintiffs allege infringement of "at least claims 1,

13  16, 20, 21, 24, 31, and 32." (Am. Compl. ¶ 20, ECF No. 64.) The Amended Complaint focuses

14  solely on the alleged infringement of Claim 20 "by way of example," although the Court finds

15  that all of the asserted claims broadly contain certain essential elements: (1) a game controller or

16  hand-held device, (2) which wirelessly transmits information (3) to a processor executing a

17  game, (4) which authorizes game play based at least in part on the age of the player. (*See* '818

18  Patent 5:40–59, 6:61–7:10, 7:25–40, 7:46–54, 8:34–49, ECF No. 64-2 at 9–10.)

19        Here, after amendment, Plaintiffs' claim of direct infringement of the '818 Patent is

20  sufficient to survive the motion to dismiss. The allegations, including screenshots of Defendant's

21  online casino games, descriptions of how Defendant's products allegedly work, and assertions of

22  testing, use, and demonstration of the '818 Patent, are enough to make Plaintiffs' legal theory

23  clear and definite: By using smartphones, tablets, or personal computers to test its products and

24  demonstrate them at promotional events, Defendants infringed the '818 Patent. Under this

theory, these various electronic devices would constitute the "controllers" described in the Patent, and would wirelessly transmit information to a remote processor executing Defendant's casino games. Plaintiffs have specifically and plausibly pled Defendant's use of the '818 Patent in testing, promoting, and demonstrating its products, and the screenshots are enough to show that game play is indeed authorized "based at least in part on the age of the player," and that "a plurality of input controls . . . allow the player to interact with the processor." (*See* Am. Compl. ¶¶ 34–35, ECF No. 64.) Indeed, Plaintiffs specifically allege that prior to gameplay, "each user must confirm they are at least 13 years of age to create and register an account with Zynga by agreeing to Zynga's Terms of Service." (*Id.* at ¶ 34.) After confirming their age and registering an account, users must enter a unique username and password to log in and play, which could reasonably constitute the "identification code" required by the '818 Patent's claims. Furthermore, Defendant's development and distribution of integrated software (i.e., apps) for various mobile devices gives rise to a plausible claim that Defendant adopted the "controllers" used by its customers to play Defendant's games. Therefore, Plaintiffs' allegations are sufficiently pled to state a claim of direct infringement of at least Claim 20, and the Court denies the motion to dismiss Plaintiffs' claim of direct infringement of the '818 Patent.

### b.  Induced and Contributory Infringement of the '818 Patent

"In contrast to direct infringement, liability for inducing infringement attaches only if the defendant knew of the patent and that the induced acts constitute patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015) (citation omitted). "Like induced infringement, contributory infringement requires knowledge of the patent in suit and knowledge of patent infringement." *Id.* Accordingly, proving either induced or contributory infringement "requires proof the defendant knew the acts were infringing." *Id.* at 1928. In other words, if a defendant makes the conclusion that its acts are non-infringing, and that conclusion is based on a

reasonable reading of the patent, the defendant will not be liable for induced or contributory infringement for acts based on such reasonable reading, even if it is later established that the defendant's acts did in fact infringe the patent. *See id.*

Here, Plaintiffs allege that Defendant has had knowledge of the '818 Patent since September 23, 2014, when Defendant was sent a letter notifying it of its allegedly infringing use. (Am. Compl. ¶ 27, ECF No. 64.) Therefore, any surviving claim of induced or contributory infringement of the '818 Patent must be limited in scope to conduct occurring after Defendant received the September 23, 2014 notice. *See Silver State Intellectual Techs., Inc. v. FourSquare Labs, Inc.*, No. 2:12-CV-01308-GMN, 2013 WL 5437363, at *3 (D. Nev. Sept. 26, 2013).

With that said, the Court finds that Plaintiffs have sufficiently pled their claims of induced and contributory infringement of the '818 Patent.

### i. Induced Infringement

To survive a motion to dismiss, a plaintiff asserting induced infringement must plead (1) that the defendant had "knowledge of the existence of the patent that is infringed," *Global–Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011), and (2) "facts that plausibly establish that the accused infringer 'specifically intended their customers to infringe the [asserted] patent and knew that the customers' acts constituted infringement,'" *Silver State*, 2013 WL 5437363, at *4 (quoting *In re Bill of Lading Transmission and Processing Sys. Patent Litigation*, 681 F.3d 1323, 1336 (Fed. Cir. 2012)). First, Plaintiffs have plausibly alleged that Defendant has had knowledge of the '818 Patent since September 23, 2014. (Am. Compl. ¶ 27, ECF No. 64.)

With respect to the element of Defendant's intent, Plaintiffs have alleged that Defendant directs, promotes, encourages, and causes its customers to use its products "in a manner that it knows infringes the '818 Patent." (Am. Compl. ¶ 24, ECF No. 64.) In so doing, Defendant "provid[es] detailed instructions to its customers through training videos, demonstrations,

brochures, installation and/or user guides explaining how to use its social casino platform, and (2) tout[s] and advertis[es] features of its social casino games to its customers." (*Id.* (citations omitted).) In *Bill of Lading*, the Federal Circuit reversed an order of dismissal because it was "more than reasonable to infer that [defendant] intended to induce its customers to use its products to practice the patented method and did so with knowledge of the patent." 681 F.3d at 1341. Such is the case here as well. Defendant was made aware of the '818 Patent by the September 23, 2014 letter and has continued to market its social casino games to its customers. Defendant makes much of the fact that it doesn't produce or sell any physical, tangible components. However, Defendant specifically induces its customers to couple its social casino games with tangible components (i.e., mobile phones and/or computers) in a way that implicates all of the elements of certain of the '818 Patent's claims. Therefore, Plaintiff's allegations are sufficient to raise the plausible inference of induced infringement. *See id.* at 1339–40 (stating that a plaintiff is not required to "prove its case at the pleading stage," and that all reasonable inferences must be drawn in the plaintiff's favor).

### ii.   Contributory Infringement

Similarly, a plaintiff asserting contributory infringement must plead (1) again, knowledge of the existence of the patent, and (2) "facts from which the Court can infer that the accused device has no substantial non-infringing uses." *Silver State*, 2013 WL 5437363, at *4. Here, Plaintiff has not only adequately pled knowledge based on the September 23, 2014 letter, but has also plausibly pled that the online casino game products Defendant marketed and sold to its customers have no substantial non-infringing uses. Plaintiffs' theory of the case is that smartphones, tablets, and personal computers, with which Defendant's games are meant to be played, constitute the "controllers" described in the '818 Patent, which wirelessly transmit information to a remote processor executing Defendant's casino games, and that Defendant's

games authorize play based on the age of the player. In order to play Defendant's games, Defendant's customers are required to use one of these "controllers"; there is no way to use Defendant's allegedly infringing products without such a device. Therefore, if Defendant's use and testing of its online casino games actually infringes the '818 Patent—that is to say, if Plaintiffs' theory of the case is successful—then any customer use of Defendant's games would necessarily infringe as well.

Therefore, the motion to dismiss the claims of induced and contributory infringement is granted with respect to Defendant's conduct prior to September 23, 2014, but denied with respect to Defendant's conduct thereafter.

### c.   Willful Infringement of the '818 Patent

Lastly, Defendant argues that Plaintiffs have failed to state a claim of willful infringement. In *In re Seagate Tech., LLC*, 497 F.3d 1360 (Fed. Cir. 2007), the Federal Circuit established a two-part test for determining whether infringement is willful. Under the *Seagate* test, a patentee was required to "show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent." *Id.* at 1371. In addition, the patentee also had to "demonstrate that this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *Id.*

On June 13, 2016, the Supreme Court abrogated the *Seagate* test in *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923 (2016). In *Halo*, the Court held that the *Seagate* opinion properly recognized "that enhanced damages are generally appropriate under § 284 only in egregious cases"; however, the *Seagate* test "is unduly rigid, and it impermissibly encumbers the statutory grant of discretion to district courts." *Id.* at 1932. Specifically, the Court found that requiring a finding of objective recklessness in every case "excludes from discretionary

punishment many of the most culpable offenders, such as the 'wanton and malicious pirate' who intentionally infringes another's patent—with no doubts about its validity or any notion of a defense—for no purpose other than to steal the patentee's business." *Id.* The Court also determined that no basis exists for imposing a standard of clear and convincing evidence to prove recklessness. *Id.* at 1934.

The Supreme Court emphasized the discretion of district courts in awarding enhanced damages in patent cases while noting that there are "longstanding considerations" limiting such discretion. *Id.* Those considerations restrict "the award of enhanced damages to egregious cases of misconduct beyond typical infringement." *Id.* at 1935. In a concurring opinion, Justice Breyer added that "the Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent *and nothing more.*" *Id.* at 1936 (Breyer, J., concurring) (emphasis in original).

Under *Halo*, Plaintiffs have failed to state a claim for willful infringement because they have failed to allege any facts suggesting that Defendant's conduct is "egregious . . . beyond typical infringement." *Id.* at 1935. Plaintiffs have simply made the conclusory allegations that Defendant was aware of the '818 Patent and that the "continued offer, use, and promotion of its infringing social casino products . . . constitutes willful and egregious infringement behavior." (Am. Compl. ¶ 40, ECF No. 64.) As Justice Breyer stated, merely asserting that Defendant knew about the patent and continued its allegedly infringing activity is not enough to constitute willful infringement.

Therefore, the Court grants Defendant's motion to dismiss the claim of willful infringement, with leave to amend.

/ / /

/ / /

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 65) is GRANTED IN PART AND DENIED IN PART, with leave to amend within 30 days of the entry of this order.

IT IS SO ORDERED.

_____
ROBERT C. JONES
United States District Judge
DATED: This 17th day of February, 2017.